JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9138 PA (JCGx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | Anna M. Villareal v. California Cemetery & Funeral, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants California Cemetery & Funeral, LLC, Service Corporation International and SCI California Funeral Services, Inc. ("Defendants") on October 24, 2012.  (Docket No. 1.)  Defendants assert that this Court has jurisdiction over the action based on the Court's diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  Although CAFA removed many obstacles to bringing a class action in federal court, the burden of establishing that jurisdiction exists still remains on a removing defendant.  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, the district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. § 1332(d)(2).  "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  See Abrego Abrego, 443 F.3d at 683.  A court may not base its jurisdiction on speculation and conjecture.  Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007).  Rather, the removing defendant must submit "summary-judgment-type" evidence to support its claims of the amount in controversy.  See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9138 PA (JCGx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | Anna M. Villareal v. California Cemetery & Funeral, LLC, et al. | | |

  Plaintiff filed this lawsuit in Los Angeles Superior Court on August 2, 2012, as a class action on behalf of all people who worked for Defendants as non-exempt hourly employees in the State of California. Plaintiff filed a First Amended Complaint on September 5, 2012, and served Defendants with the Summons and a copy of the First Amended Complaint on September 28, 2012. Defendants filed their Notice of Removal on October 24, 2012. Plaintiff's First Amended Complaint ("FAC") alleges that Defendants violated various provisions of the California Labor Code and the California Business and Professions Code. The FAC seeks damages, penalties and attorney's fees.

  Plaintiff's FAC alleges that, "Plaintiff and the Class Members are seeking no more than Four Million Nine Hundred Thousand Dollars ($4,900,000.00) in damages." (Complaint ¶ 3.) In determining the burden of proof that applies in this case, the Court looks to whether the jurisdictional amount is in controversy based on the Complaint. See Abrego Abrego, 443 F.3d at 690. The "legal certainty" standard is applied, if it is apparent from the face of the complaint that Plaintiff has pled a specific amount in damages less than the jurisdictional minimum. See Lowdermilk, 479 F.3d at 998. On the other hand, if the complaint is silent on the amount of damages or the amount sought is unclear, then the court will apply the preponderance of evidence standard, looking beyond the face of the complaint. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007). The court in Guglielmino noted that the complaint at issue was distinct from the complaint in Lowdermilk, because it did not use the word "claim" but instead referenced only "damages and injunctive relief," which did not include attorneys' fees. Guglielmino, 506 F.3d at 700 n.4. Here, the FAC is unclear as to the amount in controversy, because it references only damages, which does not include attorney's fees. Therefore, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. See Abrego Abrego, 443 F.3d at 683.

  Defendants filed the Declaration of Liana Jensen in support of their Notice of Removal. Jensen, Defendant SCI Funeral Services & Cemetery Purchasing Cooperative, Inc.'s litigation paralegal, provided information concerning SCI's state of incorporation, principal place of business, and the number of non-exempt hourly employees employed by Defendants in California during the relevant time period. In their Notice of Removal, Defendants asserted the "average number of non-exempt current employees in California during the relevant period is 2,850 per month." (Notice of Removal 5:22-25.) In her Declaration, Liana Jensen states that the records show that between August 2008 and August 2012, the average number of employees holding non-exempt positions and working in California was 2,805 employees. Based on records and information obtained in connection with another lawsuit, the number of both former and current employees covered by the period of the FAC is in excess of 4,000. (Jensen Decl. 3:22-23.)

  In support of their argument that the amount in controversy exceeds CAFA's $5 million jurisdictional minimum, Defendants' Notice of Removal alleges that the "Amended Complaint alleges statutory damages that could equal to $4,000 per class member." (Notice of Removal 6:9-10.) Defendants argue that if the number of applicable employees is 2,850, then the average damages sought by the proposed class would have to equal $1,754.39 per class member in order to meet the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9138 PA (JCGx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | Anna M. Villareal v. California Cemetery & Funeral, LLC, et al. | | |

jurisdictional limit.  If the 4,000 potential class members are used, then the average damages sought would equal $1,250.  Assuming that Defendants got their statutory damages estimate of $4,000 per class member from California Labor Code section 226(a), the FAC's second claim alleges violations of section 226(a), which requires an employer to furnish its employees with an accurate itemized wage statement each time the employer pays wages.  Violations of section 226(a) subject employers to actual damages or statutory damages of $50 for the initial pay period and $100 for each violation in a subsequent pay period up to a maximum of $4,000.  See Cal. Lab. Code § 226(e).  This statute provides for a specific amount of damages per violation per pay period.  Even if assuming a violation occurred every pay period, Defendants have failed to provide facts asserting the number of class members who worked a sufficient number of pay periods to qualify for the maximum damages.

      The Notice of Removal does not provide sufficient underlying facts to support the assertion that the claims in this matter exceed $5,000,000.  Although the Plaintiff's FAC contains other claims beyond violations of California Labor Code section 226, the Notice of Removal provides no damage calculations broken down per claim.  Defendants have not attempted to quantify the amount of damages or even explain why they are using $4,000 per class member.  The Court is left to speculate that this number is taken from the maximum statutory damages under section 226.  Nor have Defendants attempted to quantify the amount of attorney's fees Plaintiff might collect if successful.

      Another problem with Defendants' allegations as to the amount in controversy is that they are based on the assumption that Plaintiff seeks penalties for each pay period for each employee.  Defendants' Notice of Removal presumably assumes that the maximum amount of statutory damages applies for every class member.  Defendants' assumptions about the number of times that each class member experienced a violation are not supported by allegations in the FAC or any "summary-judgment type" evidence.  The Court finds that such assumptions are too speculative to establish the amount in controversy.  See Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (requiring "summary-judgment-type" evidence to support a Notice of Removal).

      Defendants' Notice of Removal and Declaration assert that SCI is a corporation incorporated under the laws of the State of Texas and has its principal place of business in Texas.  The FAC alleges that more than two-thirds of the putative class members are California citizens, that California Cemetery & Funeral, LLC is a California citizen whose conduct forms a significant basis of the claims asserted in this matter, and that SCI California is a California citizen.  As the Court has found that Defendants failed to meet their burden to establish jurisdiction under CAFA, the Court does not need to decide whether it should decline to exercise jurisdiction under the "local controversy" exception under CAFA.

      Since Defendants have not met their burden to establish jurisdiction under CAFA, the Court remands this action to the Los Angeles County Superior Court, Case No. BC489578 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9138 PA (JCGx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | Anna M. Villareal v. California Cemetery & Funeral, LLC, et al. | | |